UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONALDO HERNANDEZ,

          Plaintiff,

     v.

COUNTY OF STANISLAUS, a
public entity; and DOES 1-20,
inclusive,

          Defendants.

No. 2:25-cv-03654-JAM-SCR

**ORDER GRANTING MOTION TO DISMISS**

This case arises out of the alleged assault, arrest, and detention of Plaintiff by sheriff's deputies at the Stanislaus County Fair in July 2025.  Plaintiff brings suit against the County of Stanislaus and its Doe deputies, alleging violations of his Fourth Amendment rights and California state law.  The County of Stanislaus now moves to dismiss Plaintiff's claim against it for municipal liability under 42 U.S.C. § 1983, arguing Plaintiff fails to adequately plead any theory of liability recognized under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978).

As discussed further below, the Court agrees and finds that Plaintiff has failed to plausibly plead Monell liability here.

1

Accordingly, the Court grants dismissal of Plaintiff's Monell claim with leave to amend.

## I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff Ronaldo Hernandez, a 22-year-old recent college graduate, alleges that he was attending the Stanislaus County Fair on July 20, 2025, with his parents and friends when he was "[s]uddenly, and without warning," tackled to the ground by multiple deputies from the Stanislaus County Sheriff's Department ("Sheriff"). First Am. Compl. ("FAC") ¶¶ 11-14, ECF No. 12. Plaintiff was held down by one deputy while another deputy repeatedly punched his face and body. Id. ¶ 15. "At no point had Plaintiff threatened anyone, acted violently in any way, or otherwise created a public disturbance." Id. ¶ 17. Plaintiff was handcuffed by the deputies and detained overnight. Id. ¶¶ 18-19. Plaintiff was released the next morning and was informed he had been arrested on charges of public intoxication and resisting arrest. Id. ¶ 19. Those charges were later dropped. Id. ¶ 20.

Plaintiff brings six causes of action against Defendants the County of Stanislaus ("County") and Does 1-20 for (1) Fourth Amendment – Excessive Force under 42 U.S.C. § 1983; (2) Fourth Amendment – Unlawful Detention and Arrest under 42 U.S.C. § 1983; (3) Municipal Liability under 42 U.S.C. § 1983; (4) Battery; (5) Violation of the Bane Act, California Civil Code § 52.1; and (6) Negligence. Id. ¶¶ 21-67.

Before the Court is the County's Motion to Dismiss Plaintiff's Third Cause of Action. See Mem. P. & A. Supp. County's Mot. Dismiss ("Mot."), ECF No. 14-1. This matter is

2

fully briefed and was submitted without oral argument under Local Rule 230(g).  See Pl.'s Opp'n ("Opp'n"), ECF No. 15; County's Reply ("Reply"), ECF No. 16; ECF No. 17.

## II.  LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  The court assumes all factual allegations are true and "construe[s] them in the light most favorable to the nonmoving party."  Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994)).  That said, if the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible.  Iqbal, 556 U.S. at 678.  In the same vein, conclusory or "formulaic recitation[s] of elements" do not alone suffice.  Id. (internal quotations and citations removed).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. OPINION

The County moves to dismiss Plaintiff's Third Cause of Action for municipal liability under 42 U.S.C. § 1983, arguing Plaintiff fails to allege facts sufficient to show Monell liability. Mot. Dismiss at 4-11. In opposition, Plaintiff argues he adequately pleads a Monell claim because he alleges nine prior incidents of Sheriff's deputies using excessive force on detainees between 2017 to 2025, establishing a widespread custom or practice of the County.[1] Opp'n at 4-6.

The Court disagrees and finds that Plaintiff's Monell claim based on the County's custom or practice is inadequately pled here. "A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694). To establish municipal liability under Monell, "a plaintiff must prove '(1) that [he] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.'" Id. (quoting Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir.

---

[1] Plaintiff concedes that he is not basing his municipal liability claim on failure-to-train or ratification theories. Opp'n at 2 n.1.

1997)).

Consistent with these principles, a municipality may be held liable when a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity" caused the constitutional violation. <u>Menotti v. City of Seattle</u>, 409 F.3d 1113, 1147 (9th Cir. 2005) (internal quotations omitted). To sufficiently plead a longstanding custom or practice, a plaintiff must show a history of prior similar incidents which are "of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996). "Liability for improper custom may not be predicated on isolated or sporadic incidents," <u>id.</u>, as the municipality must have had sufficient notice of the repeated constitutional violations to amount to deliberate indifference. <u>See</u> <u>Connick v. Thompson</u>, 563 U.S. 51, 61–62 (2011).

In moving to dismiss Plaintiff's <u>Monell</u> claim, the County argues that the nine prior incidents of excessive force alleged by Plaintiff are too dissimilar to the incident alleged here to show that a custom or policy caused Plaintiff's injury. Mot. Dismiss at 6-9; Reply at 2-4. In particular, the County argues that "Plaintiff's alleged violation is a fairground seizure involving an allegedly unprovoked shove/takedown and punches while Plaintiff was held down," whereas "the nine cited incidents span fundamentally different force modalities and operational contexts, including the use of K9, tasers, WRAP devices, even including shooting deaths." Mot. Dismiss at 7.

///

5

The Court agrees.  "[F]or prior instances to constitute a pattern, they must be sufficiently similar to the present deprivation such that the [public entity's] failure to act to address the previous violations constitutes a deliberate decision to deny the plaintiff constitutional rights."  Est. of Luna v. Orange Cnty. Sheriff's Dep't, No. 8:23-cv-02180-DOC-KESx, 2024 WL 3218649, at *2 (C.D. Cal. June 20, 2024).  At the pleading stage, courts focus on the similarity between the "factually pertinent" aspects of the prior incidents.  McCoy v. City of Vallejo, No. 2:19-cv-01191-JAM-CKD, 2020 WL 374356, at *4 (E.D. Cal. Jan. 23, 2020).  For instance, the degree or type of force should be reasonably similar.  Compare id. (finding sufficient allegations for Monell liability because six of the twenty-one incidents in the complaint were officer-involved shootings, as was the plaintiff's alleged incident); with Raudelunas v. City of Vallejo, No. 2:21-cv-00394-KJM-JDP, 2022 WL 329200, at *8 (E.D. Cal. Feb. 3, 2022) (granting dismissal of claims relying on twenty-one incidents of excessive force because none of them involved the victim being tased and handcuffed, as the plaintiff had been).

Here, Plaintiff alleges he was tackled by Sheriff's deputies for no reason, held down, and punched multiple times before being detained.  FAC ¶¶ 11-20.  Defendant cites nine prior incidents of deputies using excessive and unreasonable force against detained individuals to allege a widespread or longstanding custom or practice by the County.  Id. ¶¶ 37-45.  Defendant argues that these incidents are sufficient to establish a custom or practice because many of them involve deputies tackling individuals to the

6

ground and/or striking them in a manner similar to Plaintiff's alleged incident.  Opp'n at 4-5.

However, four of the incidents alleged involved K-9 deployments and bites, which are materially different than the type of force alleged here.  See id. ¶¶ 37, 39-41.  Three of the incidents also involved deputies using tasers while tackling or knocking down individuals, which again is materially different than the type of force alleged here.  Id. ¶¶ 37-38, 40.  Yet another incident involved seven deputies tackling a mentally ill man and using 550-600 pounds of force to restrain him as well as a "WRAP" restraint device resulting in his death.  Id. ¶ 44.  The degree of force alleged there is much greater than what is alleged here, as Plaintiff alleges a single officer held him down while another punched him, and does not allege any specific restraint device was used.  Finally, Plaintiff alleges one incident occurred the same day he attended the fair when a Sheriff's deputy punched a pregnant woman in the stomach.  Id. ¶ 45.  This same-day-incident could not have provided the County with notice of a recurring problem involving the same type of force and decision-making at issue here.  Thus, of the nine incidents alleged, the Court finds that there are insufficient similarities between seven of the prior incidents and the incident at hand to put the County on sufficient notice of Plaintiff's Monell claim under a "custom or policy" theory of liability.

Plaintiff pleads two further incidents which are more similar in the degree and type of force alleged to the incident alleged here, as they involve officers detaining and using

7

excessive force against individuals without the use of K-9s, tasers, or other restraint devices.  See id. ¶¶ 42-43.  However, "one or two incidents ordinarily cannot establish a policy or custom," whereas "more incidents may permit the inference of a policy, taking into account their similarity, their timing, and subsequent actions by the municipality."  J.M. by and Through Rodriguez v. Cnty. of Stanislaus, No. 1:18-cv-01034-LJO-SAB, 2018 WL 5879725, at *5 (E.D. Cal. Nov. 7, 2018); see also Meehan v. Cnty. of Los Angeles, 856 F.2d 102, 107 (9th Cir. 1988) (evidence of two incidents of "unconstitutional assaults [. . .] standing alone" was insufficient).  Thus, these two incidents alone are insufficient to establish a policy here.

Accordingly, the Court grants dismissal of Plaintiff's Third Cause of Action for municipal liability under 42 U.S.C. § 1983. As this is the Court's first dismissal of Plaintiff's Monell claim, and the County has not demonstrated that amendment is clearly futile, the Court dismisses Plaintiff's claim for Monell liability with leave to amend.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (leave to amend should be freely given where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . .").

### IV.  ORDER

For the reasons above, the County of Stanislaus's Motion to Dismiss (ECF No. 14) is GRANTED.  Plaintiff's Third Cause of Action is DISMISSED against the County of Stanislaus with leave to amend.  If Plaintiff elects to file an amended complaint, he must do so within twenty (20) days of this Order.  Defendants

shall file their response to the amended complaint within twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: May 11, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

9